# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEFFREY STAFFORD COBB,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 10-3132-CV-S-RED |
| | ) | Crim No. 06-3008-01-CR-S-RED |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court are Petitioner Jeffrey Stafford Cobb's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1), Application to Proceed Without Prepayment of Fees and Affidavit (Doc. 2), and Motion to Expand the Currently Pending Motion Brought Pursuant to 28 U.S.C. § 2255 (Doc. 10).

Regarding Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. 2), this motion is **DENIED AS MOOT** (Doc. 2) because no filing fee is required to bring a § 2255 action. *Graham v. United States*, No. 4:05-CV-576-SNL, 2005 WL 1474139, at *1 (E.D. Mo. June 15, 2005).

Petitioner clarified in a reply that his motion to expand (Doc. 10) "was merely an attempt to ensure the proper understanding that all of the proceeding[s] through appeal are the target of the ineffective assistance claim." However, because Petitioner failed to raise any additional facts or arguments specifically related to the appeal, Petitioner Motion to Expand the Currently Pending Motion Brought Pursuant to 28 U.S.C. § 2255 is **DENIED AS MOOT** (Doc. 10). To the extent Petitioner's original ineffective assistance arguments encompass counsel's actions on appeal, the Court will consider the arguments as they relate to the appeal process as well.

For the reasons that follow, Petitioner Jeffrey Stafford Cobb's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED** (Doc. 1).

## BACKGROUND

On January 18, 2006, Petitioner Jeffrey Stafford Cobb (hereinafter "Petitioner") and others were charged in a one-count indictment with conspiring to distribute in excess of 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Without entering into a plea agreement, Petitioner pled guilty to the charge on May 30, 2007.

The United States Probation Office prepared a preliminary Presentence Investigation Report (hereinafter "PSR") on July 19, 2007. The Government filed objections to the PSR arguing Petitioner should have been assessed points for being a leader, organizer, manager and supervisor in the conspiracy; should have been assessed points for obstructing justice; and should not have received a reduction for acceptance of responsibility. Petitioner's attorney responded to the Government's objections. A final PSR which did not include the enhancements for leadership and obstruction of justice was prepared on August 21, 2007.[1]

On September 21, 2007, at Petitioner's sentencing hearing, the Government again objected to the PSR on the same three grounds: (1) that Petitioner should receive a two-level enhancement for obstruction of justice because he attacked Pamela Cobb after she gave a statement to law enforcement about him, (2) that he should receive a two-level enhancement because he played a leadership role in the conspiracy, and (3) that he should not receive the two-level reduction for acceptance of responsibility. The Court sustained the Government's

---

[1] While the PSR was prepared on August 21, 2007, it was not filed until October 3, 2007.

objections to the obstruction of justice and role in the offense enhancements, but overruled the objection regarding Petitioner's acceptance of responsibility. After accounting for these rulings, the Court sentenced Petitioner to 210 months of imprisonment, which constituted a sentence at the low end of the advisory Guidelines. Petitioner filed a timely notice of appeal on October 1, 2007, and he raised two grounds on appeal: (1) the Court erred in assessing him two points for obstruction of justice, and (2) the Court erred in assessing him two points for his role in the offense. On April 10, 2009, the Eighth Circuit Court of Appeals issued a judgment affirming the District Court's rulings.

## ANALYSIS

Petitioner presents the following arguments for review in his motion: (1) counsel was ineffective for failing to request 10 days to respond to the Government's arguments regarding the sentencing enhancements, (2) counsel was ineffective for failing to challenge the Government's evidence offered in support of the proposed obstruction of justice enhancement, and (3) the Court erred in assessing the enhancements.

**I.      Substantive Attack on Sentencing**

In his motion, Petitioner substantively attacks the Court's application of the two-level enhancements for obstruction of justice and having a leadership role. Petitioner previously challenged the two enhancements in his direct appeal, and the Eighth Circuit upheld both enhancements and the Court's sentence. *See United States v. Cobb*, 320 F. App'x 486, 487-88 (8th Cir. 2009). "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). Accordingly, Petitioner's substantive attacks warrant

3

no relief.

## II. Ineffective Assistance of Counsel

Petitioner also argues counsel was ineffective for failing to request 10 days to respond to the Government's arguments regarding the sentencing enhancements, and was ineffective for failing to challenge the Government's evidence offered in support of the proposed obstruction of justice enhancement. To establish an ineffective assistance claim, Petitioner must prove that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him so as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To satisfy a showing of deficiency, a petitioner must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, a petitioner must show that there is a reasonable probability that, but for counsel's unreasonable professional errors, the results of the proceeding would have been different. *See id.*

Petitioner cannot meet this standard on either of his ineffective assistance claims. Petitioner first argues counsel was ineffective for failing to request 10 days to prepare a defense and respond to the Government's arguments in support of the enhancements, and that the enhancements were only discussed the day of sentencing. The record belies Petitioner's argument, however, as the addendum to the PSR shows the Government made its objections over a month before sentencing and Petitioner's counsel responded to the Government's arguments.

4

Given counsel actually responded to the Government's objections well in advance of the sentencing hearing, the Court finds no ineffective assistance on this point. Likewise, counsel was also not ineffective for failing to challenge the Government's evidence offered in support of the proposed obstruction of justice enhancement. Again, the record shows counsel did challenge the evidence offered in support of the enhancement. The primary evidence offered in support of the obstruction of justice enhancement was the evidence that Petitioner attacked Pamela Cobb when she made a statement to law enforcement officials against him. Defense counsel challenged the Government's evidence by arguing Pamela Cobb's statements were suspect because she might have been trying to make a deal with the Government, and by arguing that Petitioner's actions did not amount to obstruction. Given the record shows counsel actually did challenge the enhancements, he cannot be ineffective for failing to do so. Moreover, while Petitioner argues his counsel failed to adequately investigate the incident that served as the basis for the obstruction enhancement, he fails to explain how counsel's alleged failure resulted in a different outcome. *See Payne v. United States*, 78 F.3d 343, 348 (8th Cir. 1996) (rejecting ineffective assistance claim where, even if counsel's performance was deficient for failing to interview or investigate witnesses, defendant failed to establish that interviewing witnesses would have changed the outcome).

      After review, the Court finds Petitioner has failed to establish ineffective assistance of counsel.

## **CONCLUSION**

For the reasons stated herein, Petitioner Jeffrey Stafford Cobb's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED** (Doc. 1), Application to Proceed Without Prepayment of Fees and Affidavit is **DENIED AS MOOT** (Doc. 2), and Motion to Expand the Currently Pending Motion Brought Pursuant to 28 U.S.C. § 2255 is **DENIED AS MOOT** (Doc. 10).

**IT IS SO ORDERED**.

DATED: August 12, 2010         /s/ Richard E. Dorr
                               RICHARD E. DORR, JUDGE
                               UNITED STATES DISTRICT COURT